**AMERICAN TOWERS,
INC., Appellant,**

v.

**Anthony A. WILLIAMS, Mayor, District
of Columbia, individually and in his
capacity as Mayor, et al., Appellees.**

No. 01–7141.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 30, 2002.

Rehearing and Rehearing En Banc
Denied Dec. 23, 2002.

Before EDWARDS, RANDOLPH, and TATEL, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral argument of the parties. The court has determined that the issues presented occasion no need for an opinion. *See* FED. R.APP. P. 36;. D.C. CIR. RULE 36(b). It is

ORDERED AND ADJUDGED that the district court's order dismissing American Towers' amended complaint be affirmed, substantially for the reasons stated in the district court's memorandum opinion of June 14, 2001.

█ American Towers contends that the district court erred in dismissing its claim that the District of Columbia violated the Equal Protection Clause of the Fifth Amendment by rescinding its permit to build a 756–foot telecommunications tower, allegedly in response to growing community opposition. As the district court found, however, the District has asserted several rational bases for its actions, including, notably, that the tower, if built, would violate D.C. law. *See* District of Columbia Height Act, D.C. CODE ANN. § 6–601.05(h) (builders may not construct towers of more than 130 feet without mayoral approval). But even if, as American Towers contends, it had received a valid waiver of the Height Act, the complaint falls far short of alleging that there is no "reasonably conceivable state of facts" that could justify the District's actions. *Heller v. Doe*, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (internal quotation marks and citation omitted).

█ American Towers next contends that the district court erred in dismissing its substantive due process claim, arguing that the District's conduct manifests the type of "grave unfairness" we have held sufficient to state a substantive due process violation. *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C.Cir.1988). But as we made clear in *Tri County Industries v. District of Columbia*, 104 F.3d 455 (D.C.Cir.1997), the *Silverman* substantive due process claim is confined "to actions that in their totality are genuinely drastic"–in *Silverman*'s formulation, "a substantial infringement of state law" or a significant "tramel[ling of] significant personal or property rights." *Id.* at 459 (quoting *Silverman*, 845 F.2d at 1080). Accordingly, we concluded that a plaintiff generally will not be able to show the requisite substantiality unless it "has pushed its local remedies to the hilt." *Id.* at 459. American Towers has not yet secured appellate decisions from the District's Board of Zoning Adjustment and Board of Appeals and Review, as D.C. law entitles it to do, nor has it offered any explanation of its failure to do so. Its substantive due process claim was therefore properly dismissed for want of ripeness.

Although American Towers' amended complaint seems to allege only a substan-

tive due process violation, American Towers argued before the district court that the complaint also alleges a deprivation of procedural due process. The district court accepted this argument, but nevertheless dismissed the procedural due process claim, finding the District's pre-deprivation procedure, which consisted of notice of the proposed rescission and an opportunity to respond in writing, gave American Towers "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (internal quotation marks and citation omitted). American Towers now contends that dismissal is improper because, even if the pre-deprivation procedure was otherwise adequate, it was not "meaningful," since District officials "had prejudged such an appeal long before it was presented." Appellant's Br. at 56. American Towers' argument that the District's pre-deprivation procedure was a sham, however, like its procedural due process claim more generally, finds no clear support in Count II of the complaint, nor does it appear to have been raised before the district court. It is therefore not properly before this court on appeal. *See Marymount Hosp., Inc. v. Shalala,* 19 F.3d 658, 663 (D.C.Cir.1994) (holding that arguments not made below are deemed waived).

■ Finally, American Towers contends that the district court erred in concluding that section 332(c)(7) of the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7), which places certain limitations on local zoning authorities' ability to regulate the "placement, construction, and modification of personal wireless service facilities," did not apply in this case, since the primary purpose of the tower–and the reason for its height–is HDTV broadcasting, rather than the provision of personal wireless services. American Towers does not, however, challenge the district court's alternative holding, amply supported by American Towers' own allegations, that the District's actions violate none of the Telecommunications Act provisions at issue: The District's decision to rescind the building permit was not unreasonable, but aimed at promoting legitimate governmental purposes, *see* 47 U.S.C. § 332(c)(7)(B)(i)(I), and the District's written explanation of its reasoning was both supported by substantial evidence, *see id.* § 332(c)(7)(B)(iii), and appeared to have nothing to do with concerns with the environmental effects of radio frequency emissions, *see id.* § 332(c)(7)(B)(iv).

■ We therefore conclude that American Towers' complaint was properly dismissed. We do, however, reverse the district court insofar as it dismissed the substantive due process claim with prejudice, and instead direct that the claim be dismissed without prejudice. *See Askins v. District of Columbia,* 877 F.2d 94, 99 (D.C.Cir.1989) (since courts have no authority to determine the merits of an unripe case, they may not bar plaintiffs from refiling their claims once they become ripe).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D .C. CIR. RULE 41.